IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATALIE ROSSI,

                        Plaintiff,

v.                                              OPINION and ORDER

GURSTEL LAW FIRM, P.C.,                           19-cv-207-jdp

                        Defendant.

---

        Defendant Gurstel Law Firm, P.C., sued plaintiff Natalie Rossi in Wisconsin state court to collect a debt owed on Rossi's American Express credit card. Now Rossi is suing Gurstel in federal court under the Fair Debt Collection Practices Act (FDCPA). Rossi contends that Gurstel falsely implied that the attorney who signed the state-court complaint, Paul Thielhelm, was meaningfully involved in preparing it.

        Gurstel moved for summary judgment, Dkt. 22, but the parties did not address a threshold question: whether Rossi had suffered an injury that would give her standing to sue Gurstel under Article III of the Constitution. The court directed the parties to brief that question. Dkt. 38. Rossi contends that she has standing, Dkt. 39, and Gurstel contends that she does not, Dkt. 40.

        Rossi has filed two other "meaningful involvement" cases against different law firms trying to collect different debts. *See Rossi v. Kohn Law Firm, S.C.*, No. 19-cv-192-jdp (W.D. Wis.); *Rossi v. Messerli & Kramer, P.A.*, No. 19-cv-185-wmc (W.D. Wis.). This court dismissed the *Kohn* case because Rossi failed to show that she had standing to sue under Article III of the U.S. Constitution and because Rossi failed to adduce evidence that the attorney made any false or misleading representation in signing the complaint. No. 19-cv-192-jdp (W.D. Wis. May 18,

2020), Dkt. 42. *Messerli & Kramer* is pending before Judge William Conley and neither side has filed a motion for summary judgment.

Rossi's claim in this case fails for the same reasons as her claim in *Kohn*. Rossi has not identified a concrete injury caused by Gurstel's alleged misrepresentation, and Thielhelm did not misrepresent his involvement in this routine case by signing the complaint or filing the lawsuit. The court will grant Gurstel's motion for summary judgment.[1]

## ANALYSIS

Rossi bases her claim on 15 U.S.C. § 1692e, which prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." As an example of such misrepresentations, the statute includes the "false representation or implication that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3). Rossi says that Gurstel violated § 1692e because Thielhelm's signature on the state-court complaint falsely represented that he had been meaningfully involved in preparing the lawsuit.

Rossi's claim in this case is nearly identical to her claim in *Kohn*. The court will use the analysis in the *Kohn* opinion as the foundation for the analysis here.

To establish standing, Rossi has to adduce evidence that she suffered a real harm with an adverse effect from the alleged misrepresentation. *Kohn*, slip op. at 10. Rossi relies here on the same type of injury she asserted in *Kohn*. She says that she suffered distress because a lawyer

---

[1] Gurstel moved for leave to file a so-called notice of supplemental authority, Dkt. 36, which was actually a substantive brief comparing the facts at hand to those in *Trivedi v. BD 112A LLC*, No. 18-CV-313, 2020 WL 736239 (E.D. Wis. Feb. 13, 2020). The court will deny the motion, and it will not consider Gurstel's brief or Rossi's opposition to it, Dkt. 37.

had signed the complaint, causing her to believe that she was likely to lose her case. But Rossi has not adduced any evidence that this distress was due to Gurstel's alleged misrepresentation rather than the meritorious lawsuit itself. *See Diehm v. Messerli & Kramer, P.A.,* No. 18-cv-830-wmc, 2019 WL 6790432, at *6 (W.D. Wis. Dec. 12, 2019) ("[The plaintiff's alleged anxiety] is not traceable to the alleged FDCPA violation; instead, it is simply tied to the filing of a valid lawsuit."). Rossi admitted in her deposition that she did not dispute the amount that Gurstel said that she owed on her credit card, Dkt. 20 (Rossi Dep. 47:22–24), and she does not identify any flaws in Gurstel's state-court complaint, much less any flaws that would have been cured if Thielhelm had spent more time reviewing her file.

Rossi identifies no other evidence in the record that would show any injury beyond that asserted in *Kohn.* The court will dismiss this lawsuit for Rossi's lack of standing to sue.

Rossi's claim would also fail on the merits. Thielhelm's declaration, Dkt. 14, describes in detail his law firm's process for prosecuting claims on behalf of American Express, which includes the preparation of a demand letter and the filing of the lawsuit. Rossi disputes none of the facts in Thielhelm's declaration. On January 10, 2019, Thielhelm reviewed the file, confirmed critical details, and signed a staff-generated demand letter. About five weeks later, on February 18, 2019, Thielhelm again reviewed the file, confirmed critical details, and signed the staff-generated complaint. Thielhelm had previously approved the complaint template, and he was familiar with both American Express's claim-management process and the verification process used by his own firm staff. Thielhelm personally confirmed proper venue, and he verified the amounts owed, the account details, and that Rossi was not in the military or in bankruptcy. The case was routine, the process was efficient, and Thielhelm's personal involvement took something more than five minutes.

Thielhelm's process is similar to the process described in *Kohn*. The only new argument Rossi raises here is that Thielhelm should not have relied on information provided by American Express, particularly that Rossi had been sent a notice of her right to cure default. But Rossi cites no authority that Gurstel's reliance on this information from American Express was unreasonable or that it somehow violated the FDCPA. Rossi does not contend that she was not informed of her right to cure or that Thielhelm would have done anything different if he had undertaken a more thorough review of her case.

The court reaches the same conclusion that it reached in *Kohn*: Thielhelm was professionally involved in preparing the complaint, and Rossi has failed to adduce evidence that Thielhelm's signing the complaint was false or misleading. Gurstel is entitled to summary judgment on the merits of Rossi's claim.

ORDER

IT IS ORDERED that:

1. Defendant Gurstel Law Firm, P.C.'s motion for leave to file supplemental authority, Dkt. 36, is DENIED.

2. Gurstel's motion for summary judgment, Dkt. 22, is GRANTED, and this case is DISMISSED for lack of subject-matter jurisdiction because Rossi lacks standing to sue.

3. The clerk of court is directed to enter judgment in favor of Gurstel and close this case.

Entered May 19, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge